**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION**

| | |
|---|---|
| CAPTAIN'S CLEANING SERVICE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) **JURY TRIAL REQUESTED** |
| SAMUEL T. LOVELL and CASTON | ) |
| HOLT, | ) |
| individually and d/b/a CAPTAIN'S | ) |
| CLEANING OF KNOXVILLE and | ) |
| CAPTAIN'S CLEANING, | ) |
| | ) |
| Defendants. | ) |

## <u>COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION</u>

Plaintiff Captain's Cleaning Service Inc. ("Plaintiff"), by and through its attorneys, Chambliss, Bahner & Stophel, P.C., for its complaint against Defendants Samuel T. Lovell and Caston Holt, individually and doing business as CAPTAIN'S CLEANING OF KNOXVILLE and CAPTAIN'S CLEANING (collectively, "Defendants"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff is a Tennessee corporation headquartered in Gatlinburg, Tennessee. Since 2001, Plaintiff has used, advertised, marketed, and promoted its residential and commercial cleaning services in East Tennessee, including in Knoxville, under the CAPTAIN'S CLEANING SERVICE mark (the "Captain's Mark"). Through years of use, the Captain's Mark has acquired substantial goodwill and recognition among consumers in Tennessee.

**2.** Plaintiff owns a Tennessee state trademark registration for CAPTAIN'S CLEANING SERVICE in connection with cleaning services. In addition, as demonstrated in the screenshot below, through Plaintiff's use of that mark and the shortened designation CAPTAIN'S CLEANING in commerce, Plaintiff owns common-law rights in CAPTAIN'S CLEANING SERVICE and CAPTAIN'S CLEANING in Tennessee.



**3.** On information and belief, Defendants operate a cleaning services business in the Knoxville, Tennessee area under the names CAPTAIN'S CLEANING OF KNOXVILLE, CAPTAIN'S CLEANING, and CAPTAIN'S EXTRACTIONS, with a business address of 5300 McGinnis Road, Corryton, Tennessee 37721.

**4.** Defendants have used CAPTAIN'S CLEANING, CAPTAIN'S CLEANING OF KNOXVILLE, and CAPTAIN'S EXTRACTIONS in connection with cleaning services in and around the Knoxville, Tennessee area without Plaintiff's authorization or consent. Defendants have also used CAPTALN'S CLEANING as a purported workaround in connection with cleaning services in and around the Knoxville, Tennessee area without Plaintiff's authorization or consent.

**5.** Defendants' use of confusingly similar marks in connection with identical or closely related services is likely to cause consumer confusion and to deceive the public regarding source, sponsorship, affiliation, or approval. Defendants' conduct is unlawful and is causing ongoing and irreparable harm to Plaintiff's brand and goodwill.

**6.** Defendants' mere substitution of the letter "l" in "CAPTALN'S" in place of the letter "i" in "CAPTAIN'S" does not avoid confusion. Consumers are still likely to read, pronounce, and perceive "CAPTALN'S" as "CAPTAIN'S." Thus, despite this change, the sight, sound, and meaning of Defendants' proposed CAPTALN'S CLEANING designation remain visually, phonetically, and conceptually nearly identical to CAPTAIN'S CLEANING.

**7.** This is a civil action with federal law claims under 15 U.S.C. § 1125(a) for trademark infringement, unfair competition, and false designation of origin under Section 43(a) of the Lanham Act; trademark infringement under the Tennessee Trade Mark Act of 2000, Tenn. Code Ann. § 47-25-501 *et seq.*; and trademark infringement and unfair competition under the common law of the State of Tennessee. Plaintiff seeks preliminary and permanent injunctive relief, monetary damages, and other related relief.

<strong>JURISDICTION AND VENUE</strong>

**8.** This Court has original subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a).

**9.** This Court has supplemental jurisdiction over the related state and common law claims arising under the same operative facts and circumstances in accordance with 28 U.S.C. § 1367.

**10.** This Court has personal jurisdiction over Defendants because they reside in Tennessee, conduct business in this District, and the acts complained of occurred in this District.

**11.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in, are subject to personal jurisdiction in, and have conducted the infringing activities complained of herein within this District.

**PARTIES**

**12.** Plaintiff is a Tennessee corporation with its principal place of business in Sevier County, Tennessee, and a mailing address at P.O. Box 1163, Dandridge, Tennessee 37725.

**13.** On information and belief, Defendant Samuel T. Lovell is an individual residing in Knox County, Tennessee who co-owns and operates the cleaning services business conducted under the names CAPTAIN'S CLEANING OF KNOXVILLE, CAPTAIN'S CLEANING, and CAPTAIN'S EXTRACTIONS.

**14.** On information and belief, Defendant Caston Holt ("Holt") is an individual believed to reside in Knox County, Tennessee who co-owns and operates the cleaning services business conducted under the names CAPTAIN'S CLEANING OF KNOXVILLE, CAPTAIN'S CLEANING, and CAPTAIN'S EXTRACTIONS.

**15.** On information and belief, Defendants have a business address located at 5300 McGinnis Road, Corryton, TN 37721.

**16.** On information and belief, Defendants personally directed, controlled, authorized, and participated in the adoption, use, promotion, and continued use of CAPTAIN'S CLEANING OF KNOXVILLE, CAPTAIN'S CLEANING, and CAPTAIN'S EXTRACTIONS.

**GENERAL ALLEGATIONS**

*Plaintiff and the Captain's Mark*

**17.** Since 2001, *decades* before the commencement of Defendants' infringing activities, Plaintiff began using the Captain's Mark in commerce in connection with the marketing, advertising, promotion, offering for sale, and sale of residential and commercial cleaning services in East Tennessee, including in Knoxville.

4

**18.** Plaintiff is the owner of a valid and subsisting state trademark registration, TM Number TM056086, for the CAPTAIN'S CLEANING SERVICE mark, registered with the Tennessee Secretary of State. See registration certificate provided in **Exhibit A**.

**19.** As a result of Plaintiff's use of the Captain's Mark, Plaintiff has acquired substantial and protectable common-law rights in the Captain's Mark in Tennessee, including East Tennessee and the Knoxville market.

**20.** Through Plaintiff's use in commerce, the Captain's Mark has acquired distinctiveness and source-identifying significance among consumers of cleaning services in East Tennessee, including the Knoxville market.

**21.** Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its cleaning services under the Captain's Mark. As a result, the Captain's Mark has come to signify high-quality cleaning services and has acquired distinction, reputation, and goodwill associated with Plaintiff and its services.

*Defendants' Infringing Activities*

**22.** On information and belief, years after Plaintiff established prior protectable rights in the Captain's Mark, Defendants began operating a cleaning services business in the Knoxville, Tennessee area under the name CAPTAIN'S CLEANING OF KNOXVILLE (the "Infringing Mark"). As alleged below, Defendants have also used the confusingly similar designations CAPTAIN'S CLEANING and CAPTAIN'S EXTRACTIONS in connection with cleaning services in the same market.

**23.** Defendants' use of the Infringing Mark is without Plaintiff's authorization or consent.

**24.** The Infringing Mark, as well as Defendants' use of CAPTAIN'S CLEANING and CAPTAIN'S EXTRACTIONS, is confusingly similar to Plaintiff's Captain's Mark. In addition,

5

the terms "cleaning" and "extractions" are descriptive of the services at issue, or of a type or method of such services, such that consumers are likely to place greater source-identifying weight on the shared "CAPTAIN'S" portion of the parties' marks and designations.

25.     On information and belief, the services provided by Defendants under the Infringing Mark are identical or closely related to Plaintiff's cleaning services.

26.     Defendants promote their cleaning services business in East Tennessee, including the Knoxville area, and online under the Infringing Mark via a website located at https://captainscleaningknoxville.com/ ("Defendants' Website"), social media accounts, vehicle wraps and graphics, business signage, uniforms, business cards, invoices, estimates, and contracts, all of which bear the Infringing Mark and/or other confusingly similar designations used by Defendants. See **Exhibit B**, which provides true and correct screenshots of Defendants' Website and Facebook page, as they appeared on April 17, 2026.

27.     Plaintiff and Defendants market cleaning services to overlapping customers in East Tennessee, including the Knoxville area, through online advertising, social media, and vehicle signage.

28.     As shown in the screenshots below, taken from Defendants' Website, Defendants often promote their services simply as "CAPTAIN'S CLEANING," with "OF KNOXVILLE" omitted or deemphasized, thereby increasing the likelihood of confusion with Plaintiff's CAPTAIN'S CLEANING SERVICE mark. See Exhibit B.



CALL NOW FOR A FREE ESTIMATE! (865)660-8132

Caston Holt, co-owner of Captain's Cleaning, shares this commitment to quality and customer satisfaction. With a background in music, Caston has performed in arenas and worked with top artists in the industry. His professionalism and drive for great results are mirrored in our cleaning services. Just like Caston's music career, where quality and performance are paramount, Captain's Cleaning is dedicated to delivering outstanding results.

At Captain's Cleaning, we believe that quality and satisfaction are everything. Our highly trained technicians bring years of industry experience to ensure your space is cleaned to perfection. We're excited to bring our expertise to your home or business and look forward to providing you with the best cleaning services in Knoxville.

**29.** On December 11, 2025, Plaintiff, through its counsel, sent a demand letter (the "Initial Letter") to Defendants and/or their business, informing Defendants of Plaintiff's pre-existing rights in the CAPTAIN'S CLEANING SERVICE mark and demanding that their use of the Infringing Mark and confusingly similar variations thereof stop. A copy of the Initial Letter is provided in **Exhibit C**.

**30.** After receiving Plaintiff's Initial Letter, Defendants, through communications on their behalf, proposed using an alternative name that substituted the letter "l" for the letter "i" in CAPTAIN'S to form CAPTALN'S CLEANING (the "Alternative Infringing Mark").

**31.** On February 12, 2026, Plaintiff, through its counsel, sent a follow-up letter (the "Follow-up Letter") to Defendants and/or their business advising Defendants that the proposed Alternative Infringing Mark would not eliminate the likelihood of consumer confusion and demanding, again, that their use of the Infringing Mark and confusingly similar variations thereof stop. A copy of the Follow-up Letter is provided in **Exhibit D**.

**32.** On February 20, 2026, Plaintiff's counsel received a call from attorney Todd Daniel purporting to represent Defendants in this matter. Plaintiff's counsel furnished copies of the Initial Letter and the Follow-up Letter to Attorney Daniel that same day. A true and correct copy of this February 20, 2026 email to Attorney Daniel is provided in **Exhibit E**.

**33.** Neither Defendants nor Attorney Daniel responded to the Follow-up Letter or to the February 20, 2026 email.

**34.** On March 10, 2026, Plaintiff's counsel sent a follow-up email to Attorney Daniel concerning this matter. A true and correct copy of this March 10, 2026 email is provided in **Exhibit F**.

**35.** Neither Defendants nor Attorney Daniel responded to the March 10, 2026 email.

**36.** To this day, Defendants continue to use CAPTAIN'S CLEANING and/or CAPTAIN'S EXTRACTIONS, and have used and/or proposed CAPTALN'S CLEANING, in connection with cleaning services in Tennessee, including the Knoxville area.

**37.** On April 24, 2026, Holt stated in writing that Defendants were "Captain's Extractions and/or CAPTALN'S CLEANING," that Defendants believed they were permitted to use "Captain's," and that Defendants would not change their name again "unless [they are] told to do so by a judge." A true and correct copy of this correspondence is attached as **Exhibit G**.

**38.** Any belief by Defendants that a state business-name filing or "good standing" status authorizes use of an infringing mark is incorrect and does not eliminate the likelihood of confusion.

**39.** Defendants' infringing acts, as alleged herein, have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source, origin, sponsorship, affiliation, or approval of Defendants' services, and have deceived or are likely to deceive consumers into believing, mistakenly, that Defendants' services originate from, are associated or affiliated with, sponsored by, or otherwise authorized by Plaintiff.

**40.** Defendants' acts have been knowing and willful. As alleged below, Defendants, at a minimum through Holt, had actual knowledge of Plaintiff's preexisting rights in the CAPTAIN'S CLEANING SERVICE mark and, with knowledge of Plaintiff's rights and in conscious disregard of the likelihood of confusion, adopted and continued using confusingly similar designations in connection with the same or closely related cleaning services in Tennessee.

**41.** Before and during Defendants' use of CAPTAIN'S CLEANING OF KNOXVILLE and CAPTAIN'S CLEANING, Defendants, at a minimum through Holt, had actual knowledge of Plaintiff's business, Plaintiff's prior use of the CAPTAIN'S CLEANING SERVICE mark, and Plaintiff's claimed trademark rights in Tennessee.

8

**42.** In a text message communication between Holt and Plaintiff's owner, Tyneal Hensley ("Hensley"), Hensley directly informed Holt of Plaintiff's trademark rights, Plaintiff's use in the Knoxville area, and Plaintiff's objection to Defendants' continued use of the Infringing Mark and other confusingly similar designations. Hensley further advised that the dispute could be resolved without legal action if Defendants selected a different, non-infringing name for their business.

**43.** In response, Holt acknowledged prior knowledge of Plaintiff and Plaintiff's mark, stating: "Alrighty we knew you guys exited [sic] and went with what we did ...." Holt further admitted that Defendants "may not have looked into [it] as much as needed," thereby confirming Defendants' awareness of Plaintiff and their decision to proceed despite that knowledge. See **Exhibit H**.

**44.** Despite that knowledge, and despite Plaintiff's express objection, Defendants continued using the Infringing Mark and other confusingly similar designations, including CAPTAIN'S CLEANING and CAPTAIN'S EXTRACTIONS.

**45.** Defendants' continued use of the Infringing Mark and other confusingly similar designations after receiving actual notice of Plaintiff's rights, including through the parties' text message exchange and Plaintiff's counsel's cease-and-desist letters, constitutes knowing and willful infringement.

**46.** On information and belief, at all relevant times Holt acted with actual or apparent authority on behalf of the cleaning business operated by Defendants and in coordination with Lovell, including in connection with the selection, adoption, promotion, and continued use of the Infringing Mark and other confusingly similar designations. Accordingly, Holt's knowledge and actions are attributable to Defendants and their business.

9

**47.** Defendants' acts are causing, and unless restrained, will continue to cause damage and irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public, for which Plaintiff has no adequate remedy at law.

## COUNT I

**(Unfair Competition, False Designation of Origin, and Trademark Infringement Under 15 U.S.C. § 1125(a))**

**48.** Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

**49.** Defendants' unauthorized use in commerce of the Infringing Mark and other confusingly similar designations used by Defendants, including CAPTAIN'S CLEANING and CAPTAIN'S EXTRACTIONS, as alleged herein, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

**50.** Defendants' unauthorized use in commerce of the Infringing Mark and other confusingly similar designations used by Defendants, including CAPTAIN'S CLEANING and CAPTAIN'S EXTRACTIONS, as alleged herein, constitutes use of a false designation of origin and a misleading description and representation of fact.

**51.** Defendants' conduct, as alleged herein, has been knowing and willful and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

**52.** Defendants' conduct, as alleged herein, constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**53.** Defendants' conduct, as alleged herein, is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation, and will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**54.** Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II

### (Violation of the Tennessee Trade Mark Act)

**55.** Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

**56.** The activities of Defendants, as alleged herein, constitute trademark infringement in violation of the Tennessee Trade Mark Act of 2000, Tenn. Code Ann. § 47-25-501 *et seq*.

**57.** The acts complained of violate at least Tenn. Code Ann. §§ 47-25-512(1) and (2) and have been undertaken in order to cause confusion, deception, and mistake among consumers of Plaintiff's services, and to allow Defendants to benefit unfairly from the goodwill and value built up by Plaintiff through years of use and investment in advertising and promotion of the Captain's Mark.

**58.** Defendants' acts, as alleged herein, have engendered or are likely to engender a false belief in the minds of the public and persons in the trade and industry that Defendants are affiliated with, sponsored by, or associated with the source of Plaintiff's cleaning services marketed and sold under the Captain's Mark.

**59.** The acts of Defendants, as alleged herein, have caused and will continue to cause substantial and irreparable harm, damage, and injury to Plaintiff for which Plaintiff has no fully-adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

11

**60.** Defendants committed the actions alleged herein knowingly, willfully, and in bad faith.

**61.** Pursuant to Tenn. Code Ann. § 47-25-514(a), Plaintiff is entitled to its reasonable attorneys' fees and treble damages for the knowing and willful acts of Defendants alleged herein that were committed in bad faith.

**COUNT III**

**(Common Law Trademark Infringement and Unfair Competition)**

**62.** Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

**63.** The activities of Defendants, as alleged herein, constitute trademark infringement and unfair competition in violation of the common law of the State of Tennessee and have been undertaken in order to cause confusion, deception, and mistake among consumers of Plaintiff's services and persons in the trade and industry, and to allow Defendants to benefit unfairly from the goodwill and value built up by Plaintiff over years of use and investment in advertising and promotion of the Captain's Mark.

**64.** Defendants' acts, as alleged herein, have engendered or are likely to engender a false belief in the minds of the public and persons in the trade and industry that Defendants are affiliated with, sponsored by, or associated with the source of Plaintiff's cleaning services marketed and sold under the Captain's Mark.

**65.** The acts of Defendants, as alleged herein, have caused and will continue to cause substantial and irreparable harm, damage, and injury to Plaintiff for which Plaintiff has no fully-adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff requests judgment against Defendants and that this Court:

a.      Find that Defendants have been and are now in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

b.      Find that Defendants have violated and are currently violating Tenn. Code Ann. § 47-25-512 of the Tennessee Trade Mark Act of 2000.

c.      Find that Defendants have been and are now in violation of Plaintiff's trademark rights and are liable for unfair competition arising under the common law of the State of Tennessee.

d.      Enjoin Defendants, preliminarily and permanently, pursuant to 15 U.S.C. § 1116, Tenn. Code Ann. § 47-25-514, and the common law, from:

1.      using CAPTAIN'S CLEANING OF KNOXVILLE, CAPTAIN'S CLEANING, CAPTAIN'S EXTRACTIONS, CAPTALN'S CLEANING, or any other mark, name, designation, domain name, social media handle, or other source identifier that is confusingly similar to Plaintiff's CAPTAIN'S CLEANING SERVICE mark in connection with cleaning services;

2.      engaging in any activity that infringes Plaintiff's rights in the CAPTAIN'S CLEANING SERVICE mark or otherwise constitutes unfair competition with Plaintiff;

3.      making or displaying any statement, representation, or depiction likely to cause the public or the trade to believe that Defendants' services are approved by, affiliated with, sponsored by, or otherwise connected with Plaintiff; and

13

4. registering or applying to register any trademark, service mark, trade name, domain name, or other source identifier that is confusingly similar to Plaintiff's CAPTAIN'S CLEANING SERVICE mark.

e. Order Defendants to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all websites, domain names, social media accounts, vehicle wraps, business signage, uniforms, business cards, invoices, estimates, contracts, and other materials that feature or bear CAPTAIN'S CLEANING OF KNOXVILLE, CAPTAIN'S CLEANING, CAPTAIN'S EXTRACTIONS, CAPTALN'S CLEANING, or any other designation that is confusingly similar to Plaintiff's CAPTAIN'S CLEANING SERVICE mark.

f. Order Defendants to recall, remove from use, and deliver up for destruction all materials in Defendants' possession, custody, or control bearing CAPTAIN'S CLEANING OF KNOXVILLE, CAPTAIN'S CLEANING, CAPTAIN'S EXTRACTIONS, CAPTALN'S CLEANING, or any other designation confusingly similar to Plaintiff's CAPTAIN'S CLEANING SERVICE mark.

g. Award Plaintiff its actual damages, Defendants' profits, any enhanced or trebled damages authorized by applicable law, and such other monetary relief as the Court deems just and proper, together with prejudgment and post-judgment interest.

h. Declare this to be an exceptional case pursuant to Section 35(a) of the Lanham Act and award Plaintiff its costs and reasonable attorneys' fees thereunder, 15 U.S.C. § 1117(a), and/or find a willful violation of the Tennessee Trade Mark Act of 2000 and award Plaintiff its costs and reasonable attorneys' fees under Tenn. Code Ann. § 47-25-514.

14

i.     Grant such other, further, and additional relief as this Court may deem reasonable and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a jury to try the issues joined.

Respectfully submitted,

**CHAMBLISS, BAHNER & STOPHEL, P.C.**

By:     /s/ John G. Jackson
    John G. Jackson, BPR# 013840
    Stephen D. Adams, BPR# 30057
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Phone: 423-757-0211
Email: jjackson@chamblisslaw.com
Email: sadams@chamblisslaw.com

*Attorneys for Plaintiff*